[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has moved to dismiss this administrative appeal on the grounds that it was untimely filed and, therefore, there is no subject matter jurisdiction. The plaintiffs' claim that the defendant did not comply with the notice requirements of section 13a-73 of the Connecticut General Statutes and, therefore, the appeal period under section 13a-76 of the Connecticut General Statutes did not commence.
The plaintiffs, Warren M. Newberry and Thomas P. McKenna, each owned a one-half interest in property in South Windsor, Connecticut, which property is the subject of this appeal. At all times Newberry resided at 55 Bette Circle, Vernon, and McKenna resided at 1430 Main Street, South Windsor. CT Page 8918
In late April or early May of 1991, McKenna was advised by letter from the Department of Transportation that the State of Connecticut intended to take the subject property for highway purposes. That letter was addressed to McKenna at 220 Laurel Street, South Windsor, and a copy of the letter was sent to Harold R. Cummings, McKenna's attorney, at his correct address. By letter dated May 7, 1991, Attorney Cummings informed the Department of Transportation that he represented Newberry and McKenna. On May 16, 1991, Attorney Cummings received a letter from the Department of Transportation advising him that his representation of the plaintiffs had been noted in the file of the Department of Transportation. Thereafter, Attorney Cummings did receive copies of correspondence sent by the Department of Transportation to Newberry and McKenna.
On November 21, 1991, the defendant Commissioner of Transportation filed his Notice of Condemnation and Assessment of Damages with the Clerk of the Superior Court. The Notice lists the address of Newberry and McKenna as 55 Bette Circle, Vernon (Newberry's residence) and lists the address of Attorney Cummings as Vernon, Connecticut. Attorney Cummings' office was located in South Windsor at all relevant times, and the Department of Transportation had previously sent correspondence concerning the subject property to Attorney Cummings in South Windsor.
At the end of November, 1991, Newberry received the Notice of Condemnation from the Department of Transportation. He noted that the Notice listed Attorney Cummings as having received a duplicate Notice and, therefore, he did not inform Attorney Cummings that he received the Notice. Newberry failed to note that Attorney Cummings' address was incorrectly listed on the Notice of Condemnation.
Newberry did not receive any notice from the Clerk of the Superior Court. Neither McKenna, nor Attorney Cummings, received the Notice of Condemnation, notwithstanding that the Department of Transportation was aware of their correct addresses.
Section 13a-73 provides that the Commissioner of Transportation may take property necessary for improvement of any state highway and shall pay the owner of the property damages. It further provides: CT Page 8919
 The assessment of such damages and of such benefits shall be made by the commissioner and filed by him with the clerk of the superior court in the judicial district in which the land affected is located and such clerk shall give notice of such assessment to each person having an interest of record therein by mailing to each a copy of the same, postage prepaid. . . . Notice shall also be given by mailing to each such person at his last-known address, by registered or certified mail, a copy of such notice. . . . Upon filing an assessment with the clerk of the superior court, the commissioner shall forthwith sign and file for record with the town clerk of the town wherein such real property is located a certificate setting forth the fact of such taking, a description of the real property so taken and the names and residences of the owners from whom it was taken. . . .
Section 13a-76 provides, in pertinent part:
 Any person claiming to be aggrieved by the assessment of such special damages or such special benefits by the commissioner may, at any time within six months after the same has been so filed, apply to the superior court for the judicial district within which said land is situated . . . for a reassessment of such damages or such benefits so far as the same affect such applicant. . . .
The defendant relies on Katz v. West Hartford, 191 Conn. 594,600-601, 469 A.2d 410 (1983) in which the plaintiffs claimed that the defendant municipality had not complied with a notice provision of the municipal charter because it gave notice to only one of two joint tenants. The notice requirements of the charter provision were not set forth in the Court's decision. The Court held that notice to one joint tenant constituted notice to all joint tenants.
The defendant further argues that both Newberry and McKenna were given notice at the address shown on the South Windsor Assessor's card. That address, argues the defendant, was the address best calculated to give McKenna notice of the action affecting the subject premises.
Statutes authorizing the exercise of eminent domain are to CT Page 8920 be strictly construed against the condemnor. Laurel, Inc. v. Commissioner of Transportation, 180 Conn. 11, 31, 428 A.2d 789
(1980). Section 13a-73 provides for mailing of notice of condemnation to those with an interest in the land at their last known address. In this case, the Department of Transportation had been corresponding with McKenna at an address different from the address to which the condemnation notice was sent. That address was McKenna's last known address for purposes of Section13a-73. Moreover, the Commissioner's argument that the address on the town assessor's card is the correct address for the mailing of a condemnation notice is undercut by the language of section 13a-73, which provides that the certificate of taking filed with the town clerk shall contain the residence address of the owners from whom the property is taken.
The plaintiffs also claim that the Department of Transportation had advised them that it would notify their attorney when the property in question was taken. The Notice of Condemnation does set forth Attorney Cummings name and address. However, the address is incorrect and the Notice was not received by Attorney Cummings.
The court finds that McKenna did not receive notice in accordance with the requirements of section 13a-73. Notice of Condemnation was not "filed" within the meaning of section13a-76 and the sixth month time period did not commence running until the plaintiffs-received actual notice of the taking on May 17, 1992. Therefore, the appeal was timely filed and the Motion to Dismiss is denied.
BY THE COURT AURIGEMMA, J.